■ In the Matter of MANUEL GOMEZ, Petitioner, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [29 NYS3d 180]—

Determination of respondent Police Commissioner, dated August 8, 2011, which terminated petitioner's employment as a police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Donna M. Mills, J.], entered May 1, 2012), dismissed, without costs.

The determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). Such evidence, including testimony of civilian witnesses and the police officers who

responded to 911 calls for assistance, showed that petitioner brandished his gun during the course of a violent off-duty domestic dispute (*see Matter of Cortez v Safir*, 278 AD2d 5, 6 [1st Dept 2000]). Petitioner also pointed the firearm at the civilians who were attempting to assist the victim, failed to comply with the responding police officers' instructions, and resisted being handcuffed. There exists no basis to disturb the credibility determinations of the Hearing Officer (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]).

Under the circumstances presented, the penalty of dismissal does not shock our sense of fairness (*see Cortez* at 6). Petitioner's argument that dismissal was improper in light of his excellent service record in the department and in the military is unavailing in light of his disciplinary history (*see Matter of Gomez v Kelly*, 55 AD3d 305 [1st Dept 2008], *revd* 12 NY3d 883 [2009] [Appellate Division confirmed findings of petitioner's misconduct but found penalty of one-year dismissal probation and 30-day vacation forfeiture excessive. Court of Appeals reversed to the extent of reinstating the penalty that was imposed]). Concur—Sweeny, J.P., Acosta, Manzanet-Daniels, Gische and Gesmer, JJ.